```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

      Plaintiff,
  v.                 **DECISION AND ORDER**
                         09-CV-849S

ERIE COUNTY, NY,
CHRIS COLLINS,
  *County Executive*,
ANTHONY BILLITTIER, IV, MD
  *County Health Commissioner*,
TIMOTHY B. HOWARD,
  *Erie County Sheriff*,
RICHARD T. DONOVAN,
  *Erie County Undersheriff*,
ROBERT KOCH,
  *Superintendent Administrative Services Division,*
  *Jail Management Division*,
BARBARA LEARY,
  *First Deputy Superintendent,*
  *Erie County Holding Center*,
DONALD LIVINGSTON,
  *First Deputy Superintendent,*
  *Erie County Correctional Facility*,

      Defendants.

## I. INTRODUCTION

Presently pending are the parties' discovery-related motions filed in response to this Court's March 6, 2010 Decision and Order granting the Justice Department's Motion for Expedited Discovery. The Justice Department filed a Motion to Compel Defendants' compliance on March 11, 2010. Defendants filed a Motion for Protective Order on March 12, 2010. Both sides seek expedited treatment of their motions. Briefing concluded yesterday, March 16, 2010.

1

For the reasons that follow, expedited treatment is granted and the motions are granted in part and denied in part.

## II. BACKGROUND

On March 6, 2010, this Court granted the Justice Department's request for expedited discovery concerning whether changes can be made at the Erie County Holding Center ("ECHC") to decrease incidents of preventable suicides and suicide attempts. (Docket No. 42.) The discovery sought included information related to suicide prevention and mental health treatment, as well as entry and inspection of the ECHC to allow suicide prevention and mental health consultants to examine the facility, inspect relevant records, and interview inmates. (Fleisher Declaration; Docket No. 27, ¶ 5; United States' First Request for Entry and Inspection, Docket No. 27-4.) In granting the Justice Department's motion, this Court rejected Defendants' arguments that the Justice Department lacked good cause for expedited discovery, that the requested discovery was over-broad and unduly burdensome, and that the requests ran afoul of state and federal confidentiality laws.

This Court granted limited expedited discovery and directed Defendants to respond to the Justice Department's three sets of discovery requests within 14 days of service. The approved discovery requests included Requests for Interrogatories, Requests for Production of Documents, and a Request for Entry and Inspection. (Docket Nos. 27-2, 27-3, 27-4.)

At issue is the scope of the Justice Department's Request for Entry and Inspection. In pertinent part, the request seeks the following:

- entry and inspection of the ECHC by Justice Department attorneys and consultants;

- review of requested documents;

- examination of the premises for conditions related to mental health treatment and suicide prevention at the facility;

- access to ECHC staff who are able to answer questions about the premises and processes viewed during the facility inspection;

- interviewing of inmates, outside the presence of ECHC staff or defendants' counsel, on issues of mental health treatment and suicide prevention at the facility.

(Docket No. 27-4.)

Although Defendants will permit the Justice Department entry to the ECHC and are in the process of producing records, they seek a Protective Order barring any interviewing of County employees or inmates that does not comport with the Federal Rules of Civil Procedure. The Justice Department, on the other hand, seeks an order compelling Defendants to comply with this Court's March 6, 2010 Decision and Order and the discovery requests as written.

### III. DISCUSSION

The Justice Department's request to enter and inspect the ECHC is proper under Rule 34(a)(2) of the Federal Rules of Civil Procedure. Defendants argue, however, that the Justice Department's additional requests to informally interview County employees and inmates are not authorized by Rule 34 and are barred by Rule 30, which governs depositions. Defendants also seek clarification as to several logistical concerns related to

3

the inspection of the ECHC.

**A.	County Employees**

This Court ordered that Defendants allow the Justice Department access to the ECHC on March 22 and 23, 2010, finding that "access to the ECHC is not unduly burdensome as County lawyers and representatives may accompany the Justice Department and will be present when County employees are questioned." (Docket No. 42.) Access is necessary for the Justice Department's consultants to examine mental health treatment and suicide prevention conditions at the ECHC, and for them to gain an understanding of related practices and policies. To this end, the Justice Department requests the opportunity to interview inmates and have access to ECHC staff who are able to provide information about the premises and processes viewed during the inspection.

Defendants maintain that informal interviewing of County employees, even with County lawyers present, violates the federal rules because County employees are essentially represented parties in this lawsuit. As such, statements from County employees may be taken only by noticed deposition, in compliance with Rule 30. Defendants also note that the Justice Department has not identified any specific individuals or categories of individuals that it would like to question, beyond the broad request for "staff who are able to answer questions about the premises and processes viewed during the facility inspection." (Docket No. 27-4.)

Rule 34(a)(2) of the Federal Rules of Civil Procedure authorizes service of a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

Rule 34, like all federal discovery rules, is to be liberally construed. In this Court's view, permitting consultants entry to the ECHC to examine the suicide and mental health protocols falls within an inspection of an "operation" on property. See Rule 34(a)(2). In Coleman v. Schwarzenegger, for example, the plaintiffs requested site inspections of ten prisons by their experts, including a request that their experts be permitted to interview prison staff. No. CIV S-90-0520, 2007 WL 3231706 (E.D.Cal. Oct. 30, 2007). The defendants objected on the same basis that Defendants do here — that only Rule 30 permits a party to take the testimony of another person. Id. at *1. The court rejected the defendants' argument and instead held under Rule 34 that "questions by experts directed to prison employees . . . concerning those matters identified in plaintiffs' inspection requests [which included access to medical and mental health care] are properly included as part of an inspection of "any operation" on the prison facilities to be inspected." Id. at 2.

This Court agrees with the Coleman court's construction of Rule 34(a)(2), particularly as it relates to the scope of inspection afforded a consultant or expert to inspect an "operation" on the property. Defendants argue that Coleman is distinguishable because the decision came in the compliance phase of that litigation. This argument is unpersuasive, however, because the phase of the litigation is not material to the court's construction of what Rule 34 allows. Accordingly, the Justice Department's consultants shall be permitted to interview or question ECHC and other County employees as necessary during the course of the site inspection on the issues of suicide prevention and mental health processes and procedures. Reasonable access to employees is necessary for the consultants to form an understanding and opinion about the suicide practices and

protocols at the ECHC. Moreover, there is no danger of prejudice or element of surprise to Defendants because their attorneys are permitted to accompany the consultants and advise County employees as they see fit.

But interviews of County employees by Justice Department attorneys are different. This Court previously held that County attorneys may be present during the Justice Department's questioning of County employees. But this Court did not consider the precise parameters of the Justice Department's questioning. The investigative work of lawyers is different from that of consultants or experts. Because County employees are represented by the County Attorney's office and are arguably defendants in this lawsuit, this Court agrees with Defendants that questioning of County employees by Justice Department lawyers, if any, should be governed by Rule 30 and the other discovery rules.

Consequently, the Justice Department must notice the depositions of individuals or classifications of individuals that it wishes its lawyers to speak with during the inspection period. Depositions may be taken on two days notice before, during, or up to 14 days after the inspection concludes. To eliminate any security concerns stemming from employees being pulled from their posts for depositions, Defendants shall make every effort to have the individuals who are scheduled for deposition available and not working on the date and time their deposition is noticed. Defendants shall also have appropriate accommodations and a stenographer available at the ECHC on March 22 and 23, 2010, at 9:00 a.m., unless no depositions are noticed during that time.

**B.     Inmates**

Defendants also argue that the Justice Department's interviews of inmates should comply with the federal rules and be accomplished by deposition. But the same concern

that holds true for County employees does not hold true for inmates: they are not County employees nor are they represented by the County Attorney's office. Rather, inmates are non-party witnesses, and as such, although the Justice Department could depose them under Rule 30, there is no requirement that it do so. An inmate, like any other non-party witness or potential witness, can be informally interviewed (if willing) by either party. Moreover, requiring that inmates be deposed (or interviewed) in the presence of County attorneys or employees would likely chill their willingness to speak to investigators or to speak candidly. This, of course, defeats the whole purpose of speaking to inmates in the first place.

Defendants further argue that permitting interviews of inmates presents a security concern and will deny the inmates access to their attorneys. But inmates are not entitled to counsel in this context nor are they required to speak to the Justice Department if they would prefer to have their attorneys present. Moreover, to alleviate any security concerns, Defendants are hereby ordered to make appropriate security arrangements for Justice Department personnel to tour, examine, and inspect the ECHC, as well as to interview inmates in an appropriate room with reasonable accommodations where the participants can be seen, but not heard, and without County lawyers or employees present. If additional staff and security are required on March 22 and 23 to accommodate the inspection and interview process, Defendants are ordered to provide it.

**C.      Rule 16 Conference**

Defendants request a Rule 16 conference to discuss logistical issues related to the inspection of the ECHC, such as the extent of the document production, the mechanics of the facility inspection, the sharing of information gathered during the inspection, the

number of people allowed into the facility during the inspection, and reasonable measures relating to inmate security and safety. The Justice Department does not oppose this request.

Given the expedited time frame, this Court strongly encourages counsel to work together to resolve any further logistical concerns without the need for a Rule 16 conference. Efforts are better spent preparing for the upcoming inspection than preparing for a conference with the Court. Counsel are therefore directed to work in good faith to reach agreement on any remaining issues. If disagreements persist, however, the parties may appear before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, on March 19, 2010, at 1:00 p.m. for a Rule 16 conference. Judge McCarthy will also be available by telephone on March 22 and 23 should any issues arise during the site inspection that require judicial intervention.

## IV. CONCLUSION

For the foregoing reasons, the parties' Motions to Expedite are granted, the Justice Department's Motion to Compel is granted in part and denied in part, and Defendants' Motion for a Protective Order is granted in part and denied in part. Defendants are ordered to have the ECHC available for the Justice Department's inspection beginning at 9:00 a.m. on March 22, 2010.

## V. ORDERS

IT HEREBY IS ORDERED, that the parties' Motions to Expedite (Docket Nos. 45, 49) are GRANTED.

FURTHER, that the Justice Department's Motion to Compel (Docket No. 43) is

GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that the Defendants' Motion for Protective Order (Docket No. 46) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

SO ORDERED.

Dated:   March 17, 2010
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                               Chief Judge
                                         United States District Court