UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,
v.                                       **DECISION AND ORDER**
                                                    09-CV-849S
ERIE COUNTY, NY,
CHRIS COLLINS,
      *County Executive*,
ANTHONY BILLITTIER, IV, M.D.,
      *County Health Commissioner*,
TIMOTHY B. HOWARD,
      *Erie County Sheriff*,
RICHARD T. DONOVAN,
      *Erie County Undersheriff*,
ROBERT KOCH,
      *Superintendent Administrative Services Division,*
      *Jail Management Division*,
BARBARA LEARY,
      *First Deputy Superintendent,*
      *Erie County Holding Center*,
DONALD LIVINGSTON,
      *First Deputy Superintendent,*
      *Erie County Correctional Facility*,

              Defendants.

On March 6, 2010, this Court granted the Justice Department's request for expedited discovery related to suicide prevention and mental health treatment protocols at the Erie County Holding Center ("ECHC"). (Docket No. 42.) Each side then filed discovery-related motions concerning the scope of the authorized discovery, which this Court resolved on March 17, 2010. (Docket No. 54.) Familiarity with both decisions is presumed.

1

Defendants now move to stay that portion of this Court's March 17, 2010 Decision and Order permitting the Justice Department's consultants to interview inmates and County employees during the site inspection. Defendants argue that they will be irreparably harmed if the interviews are not conducted according to the strictures of the Federal Rules of Civil Procedure. According to Defendants, a stay is necessary to allow them to file an application for Writ of Mandamus with the United States Court of Appeals for the Second Circuit.

Defendants' motion is denied.

Under Rule 8 of the Federal Rules of Appellate Procedure, motions to stay a district court's order pending appeal must ordinarily be made to the district court in the first instance. See Fed. R. App. P. 8(a)(1)(A). Determining whether to stay an order falls within the court's discretion and requires consideration of (1) whether the moving party will be irreparably injured absent a stay, (2) whether the non-moving party will be substantially injured if a stay is issued, (3) whether the moving party has demonstrated "substantial possibility, although less than a likelihood of success" on appeal, and (4) the public interests that may be affected. Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir. 1993) (quoting Dubose v. Pierce, 761 F.2d 913, 920 (2d Cir. 1985)); Plummer v. Quinn, No. 07 Civ. 6154, 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008).

On the first factor, Defendants claim irreparable harm because they cannot prepare County employees for questioning, specific employees have not been identified, and the scope of questioning is unclear. But this Court's previous orders provide ample guidance for the interviews. Defendants have been on notice that expedited discovery is on the issues of suicide prevention and mental health protocols at the ECHC. This Court fails to

see how Defendants lack the opportunity to identify and prepare their employees for questioning on these two topics.

Defendants also maintain that they will be harmed because they cannot object to questions or protect against disclosure of privileged or confidential information. These arguments largely ignore that County attorneys will be present and able to instruct employees during the interviews, thus giving them the opportunity to protect against improper disclosures.

Finally, Defendants argue that lawyers may become fact witnesses and information gathered in the interviews may appear in subsequent expert reports. This concern is premature. Statements made to the consultants will likely be memorialized in an expert report, related witness depositions will likely be noticed and taken, and witness testimony will also likely be given at related court proceedings. At such times, Defendants will have the opportunity to challenge whichever statements they deem necessary.

On the second factor, Defendants implicitly recognize that further delay harms the Justice Department's efforts to inspect the ECHC, but they argue that the need to resolve whether depositions are required "far outweighs" the delay in completing the inspection. This argument is wholly unpersuasive. There have been three reported suicides and two attempted suicides at the ECHC in the last three months, with the most recent suicide occurring just 16 days ago. Further delay prevents the Justice Department's assessment of whether a preliminary injunction imposing certain changes at the ECHC could reduce this suicide rate. Moreover, additional delay allows Defendants more opportunity to change conditions at the ECHC, which may be beneficial to inmates and staff, but may also prevent the Justice Department from accurately assessing the true conditions at the

facility.  See Matthew Spina, Holding Center Gets Cleaning for Federal Visit, The Buffalo News, March 16, 2010 (reporting that County crews are working overtime to scrub, paint and repair the ECHC).

On the third factor, Defendants argue that there is at least a substantial possibility that their application for Writ of Mandamus will be successful because their application will present novel issues of law that have not yet been addressed in this circuit.  But from what this Court can gather, Defendants' application will assert that this Court misapplied Rule 34.  A direct appeal of this ruling is unavailable and the circuit court is reluctant to reach non-appealable discovery orders by use of mandamus.  See In re W.R. Grace & Co., 984 F.2d 587, 589 (2d Cir. 1993).  Moreover, this is not an exceptional case presenting an "extreme need for reversal."  In re von Bulow, 828 F.2d 94, 97 (2d Cir. 1987) (quoting Am. Express Warehousing, Ltd. v. Transamerica Ins. Co., 380 F.2d 277, 282 (2d Cir. 1967)).  Accordingly, this Court finds that Defendants have not established a substantial possibility that their application for Writ of Mandamus will be successful.

On the fourth factor, Defendants argue that the public interest in maintaining the integrity of the discovery process weighs in favor of a stay.  This concern — which is overstated in light of this Court's ruling that the interviews fit within the discovery process authorized by Rule 34[1] — is additionally unpersuasive considering that the counterweight is the possibility of preventing suicides and suicide attempts.  Although Defendants plainly disagree with this Court's construction of Rule 34, the public interest is undoubtedly best served by denying the request for a stay and permitting the expedited inspections of the

---

[1] See Coleman v. Schwarzenegger, No. CIV S-90-0520, 2007 WL 3231706 (E.D.Cal. Oct. 30, 2007).

4

ECHC to go forward as ordered.

For all of the above reasons, Defendants' motion is denied.

IT HEREBY IS ORDERED, that Defendants' Motion to Stay (Docket No. 56) is DENIED.

SO ORDERED.

Dated:    March 19, 2010
              Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Court