UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    Plaintiff

    vs.                             Civil No. 09-cv-0849

ERIE COUNTY, NEW YORK,

                    Defendant

_____

### Declaration of Edwin Heidelberger, M.D., Chief Medical Officer - Correctional Health Erie County Department of Health

Edwin Heidelberger, M.D., under the penalty of perjury and pursuant to 28 U.S.C. Sec. 1746, declares the following to be true and correct:

1. I am the Chief Medical Officer for the Erie County Department of Health's ("DoH) Division of Correctional Health which oversees the administration of medical services in the Erie County Holding Center and the Erie County Correctional Facility ("the facilities"). As such, I am fully familiar with the facts and circumstances surrounding this action, the County's obligations under the Stipulated Order, and the matters stated in this declaration

2. I submit this declaration in opposition to the motion by the proposed intervener, New York Civil Liberties Union Foundation ("NYCLUF") for leave to intervene, to unseal compliance reports and to vacate the standing order permitting filing under seal.

3. As part of an earlier settlement of a portion of this matter in 2010, a Joint Compliance Officer ("JCO") was appointed to monitor the compliance efforts of the County with respect to suicide prevention.  As a part of the terms of the August 2011 settlement of this matter, two

Technical Compliance Consultants ("TCCs") were appointed to monitor the compliance efforts of the County. The compliance efforts include implementing proposed changes to the administration of mental health services at the facilities.

4. I have participated in the site inspections by the JCO, the TCCs and their meetings with employees of the facilities. I have also participated in the development of the County's compliance report submitted to the TCCs and the Department of Justice ("DOJ".)

5. I have also reviewed the confidential JCO, TCC and compliance reports that were submitted to the Department of Justice and filed under seal with the Court.

6. The areas of the DoH-Correctional Health program where improvement has been made, and the areas warranting further improvement, have been conferenced with the TCCs and memorialized in the confidential TCC and compliance reports. DoH-Correctional Health personnel, including myself, have readily communicated those inadequacies to the TCCs in order make the reporting, compliance and improvement process as productive as possible. I did so under the belief that the information would remain confidential pursuant to the Stipulated Order.

7. The integrity of health related programs at the facilities would be endangered if the reporting to and from the TCCs were disclosed, as some individuals may attempt to capitalize on the reported weaknesses.

8. The compliance process can only work effectively if the DoH- Correctional Health is assured that the contents of the reports remain confidential, as was agreed to by the DOJ and the County and Ordered by this Court. The DoH- Correctional Health is called upon to bare its deficiencies as part of the compliance process, in support of the goal of identifying problems and implementing processes to improve its operations. The DoH- Correctional Health has

been transparent through this compliance process, with an expectation that the confidential information provided to the JCO, TCCs and by way of the compliance reports would remain private.

9. If the NYCLUF's motion is granted, the following would occur:

- Employees working in the facilities would be less forthcoming in interviews with the TCCs, knowing that their comments would be available to the public.

- The personal health information of inmates would be available, in violation of state and federal privacy laws.

- The operational integrity and security at the facilities would be compromised because the TCC reports include flaws and potential problems at the facilities. That information would be available to anyone desiring to capitalize on the reported inadequacies.

10. The DoH-Correctional Health's ongoing work in implementing standards of care to align with the Stipulated Order would be impaired by publicizing its efforts to be open and self-critical in its work with the TCCs.  As such, I respectfully submit that this Court should deny the motions by the proposed intervener.

DATED:    Buffalo, New York
          July 9, 2012


_____/s/ Edwin Heidelberger_____
Edwin Heidelberger, M.D.
Chief Medical Office - Correctional Health
Department of Health

CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Corey Stoughton
New York Civil Liberties Union
cstoughton@nyclu.org

Alyssa Connell Lareau
Alyssa.lareau@usdoj.gov
Charles W. Hart, Jr.
Charles.hart@usdoj.gov

Samuel R. Bagenstos
Samuel.bagenstos@usdoj.gov

Mary Pat Fleming
Mary.pat.fleming@usdoj.gov

Zazy Ivonne Lopez
Zazy.lopez@usdoj.gov

Laura L. Coon
Laura.coon@usdoj.gov

Marlysha Myrthil
Marlysha.myrthil@usdoj.gov

And, I hereby certify that I caused the foregoing to be mailed, by the United States Postal Service, first class mail, to the following non-CM/ECF participants:

NONE

By: /s/  Michelle Parker_____
       Michelle Parker
       First Assistant County Attorney, of Counsel
       Erie County Department of Law
       95 Franklin Street, Room 1634
       Buffalo, New York 14202
       Telephone: (716)858-2209